FÉLIX V. SOTO GALÁN, Plaintiff and Appellee, *v.* TULIO F. LÓPEZ, MAYOR OF THE MUNICIPALITY OF BAYAMÓN, Defendant and Appellant.

No. R-63-83.     Decided April 21, 1970.

*P. J. Santiago Lavandero, Ángel M. Rodríguez Lozada,* and *Ramos & Latoni* for appellant. *Luis A. Archilla Laugier* and *Mario A. Rodríguez* for appellee.

MR. JUSTICE RIGAU delivered the opinion of the Court.

On August 23, 1962, Félix Soto Galán filed a petition for mandamus in the Superior Court, Bayamón Part, in which he alleged that he was an employee of the Municipality of Bayamón; that defendant, in his capacity as Mayor of that city, removed him from his office without just cause and without complying with the provisions of § 93 of the Municipal Law, and requested the court to order defendant to reinstate him in his office and to pay him the salaries which he failed to receive since the date of his removal.

Defendant answered, stating that plaintiff was not an employee of the municipality within the meaning which that term has in the Municipal Law, for the purposes of § 93 of said law and that the writ of mandamus did not lie in this case. After the corresponding hearing, the trial court granted the petition for mandamus and ordered defendant to reinstate plaintiff in his job, with retroactive effect to the date of the removal. We agreed to review.

Plaintiff-appellee worked for the Municipality of Bayamón since March 15, 1961 to May 22, 1962. His case is ruled then by the Municipal Law in effect, Act No. 142 of July 21, 1960; 21 L.P.R.A. § 1101 *et seq.*

Besides the Mayor and the members of the Municipal Assembly who are elected officers—the former with functions primarily executive and the latter primarily legislative—under the Municipal Law, the municipal governments have

officers, regular employees, and temporary employees, who are on the payroll.

The Act, in its § 42, expressly provides who are the administrative officers in the municipalities. The same are, with the qualifications contained in said section, the Mayor, Secretary, and the Director of Finance, or the Mayor, Secretary-Auditor, and the Treasurer. In addition to the foregoing, the Act provides in its § 43, that the Municipal Assembly may create such additional positions of administrative officers as might be necessary. The assembly shall fix the duties of the offices created by it and the qualifications required of the administrative officers who are to hold them. 21. L.P.R.A. §§ 1261 and 1262.

The administrative officers will be appointed by the Mayor, with the advice and consent of the Municipal Assembly, and they will hold their offices for the term for which the Mayor may have been elected or appointed, unless sooner removed for just cause upon preferment of charges. 21 L.P.R.A. § 1263.

As to employees, the Act provides in its § 91 that "The mayor shall appoint all employees on the recommendation of the respective municipal administrative officers." 21 L.P.R.A. § 1551. This § 91 is applicable to the case at bar, pursuant to its aforecited text, as that is the text which was in effect since the approval of the Act, until June 1964, when it was amended by Act No. 114 of June 27 of the same year. The 1964 amendment left the cited text subsistent, but added that the appointments made from the effective date of said amendment would be for a probationary period of six months. That amendment does not play a pertinent role in the case at bar.

For the removal of employees the Act requires, in its § 93, just cause and a proceeding with notice and hearing. 21 L.P.R.A. § 1553. At the time during which plaintiff worked

for the Municipality of Bayamón, said § 93 provided, insofar as pertinent, as follows:

"Employees may be removed by the mayor, for just cause, upon preferment of charges and a hearing with ten (10) days' notice, said hearing to be held before a committee of three persons appointed by the mayor with the advice and consent of the municipal assembly. In said hearing the employee shall have the opportunity to defend himself from said charges and may be represented by counsel. Said committee shall be composed of persons who are not municipal employees. . . ."

This § 93 was also amended by the aforecited Act No. 114 of June 27, 1964. 21 L.P.R.A. § 1553, Supp. The new text of that section includes the proceeding for the removal of officers (before, it only referred to employees) and contains other details that on account of their irrelevancy to this case it is not necessary to recite herein.[1]

In its § 92, the Act provides that:

"No municipal employee shall be appointed, promoted, demoted, or suspended or in any way discriminated against by reason of race, political ideas or religious creed." 21 L.P.R.A. § 1552.

In its § 94, the Act provides the following:

"The members of the municipal assembly, the administrative officers, and the municipal employees, before taking possession of their offices or employments, shall, in accordance with the Political Code of Puerto Rico, take their oath of office before an officer authorized by law to administer oaths." 21 L.P.R.A. § 1601.

■ To continue with our exposition of the applicable law and the merits of the case, we should dispose of the contention that a petition for mandamus is not the adequate vehicle to request the reinstatement in office or employment after an unlawful removal. The contention lacks merit. Mandamus is a

---

[1] As to the removal of officers, the Act already required just cause, upon preferment of charges, in § 44. 21 L.P.R.A. § 1263.

proper remedy to prevent an officer or board from removing an officer or employee from his employment, without authority therefor. *Gil* v. *Chardón*, 41 P.R.R. 208, 215 (1930). See, also, *Bezares* v. *González, Mayor*, 84 P.R.R. 450 (1962); *Abella* v. *Piñero, Governor*, 66 P.R.R. 651 (1946); *Pérez* v. *Garrido, Commissioner*, 48 P.R.R. 445, 461 (1935); *Romero* v. *Gore, Governor*, 46 P.R.R. 394, 414 (1934); *Jiménez* v. *Reily, Governor*, 30 P.R.R. 582 (1922); *Sarriera* v. *Todd*, 26 P.R.R. 3 (1917); *Cintrón* v. *Berríos*, 24 P.R.R. 673 (1917).

■ If we assume for one moment that plaintiff was an employee within the meaning which said term has in the Municipal Law in the light of the clear provisions of § 93 of the Act, 21 L.P.R.A. § 1553, and our constant case law, it is inescapable to acknowledge that the mayor did not have power to remove him without just cause and without previous preferment of charges and hearing.

Already, in *Belaval* v. *Todd*, 24 P.R.R. 24, 35 (1916), this Court, in construing a provision of the Municipal Law of 1906, which contained the same principle of just cause which the Act in effect contains,[2] stated as follows:

". . . If the Legislature had intended that municipal employees should be removable at will by the mayors . . . it would not have used the words 'for just cause' in section 32 of the Municipal Law as it did.

"These words have a meaning. They reveal a manifest intention. They show that for the good of the municipal administration and therefore of the people, the Legislature decided to organize in the municipalities of Porto Rico a staff of employees who might hold office under the firm conviction that the permanency of their positions depended upon the faithful performance of their duties."

In *Bezares* v. *González, Mayor*, 84 P.R.R. 450, 458 (1962), the present Municipal Law being already in force, before a similar problem, we stated the following:

---

[2] Sess. Laws, p. 107 (1906).

". . . The Act does not leave any room for doubt as to the procedure for the removal of the petitioners. Neither does § 93 make any distinction upon offering its protective shield, between employees appointed by the same administration that may remove them or a previous administration." (Citations omitted.)

For a reiteration of the same principle, see *Figueroa v. López, Mayor*, 89 P.R.R. 464, 465 (1963). And in *López, Mayor v. Superior Court*, 90 P.R.R. 299, 307 (1964), we said:

"Summarizing . . . we may state that when an officer or employee holds an office or employment having a fixed term of tenure or indefinitely, but his removal must by mandate of law, be for 'cause' or for 'just cause,' such cause or just cause is legal cause or cause in law, and not the views or simple evaluation of the removing power, no matter how apparent or justified he may deem to be his reasons of removal. Thus, a removal for cause or for just cause must be preceded by a determination of a legal sort or of a judicial nature as to whether or not there is cause or just cause. This in turn requires removal to be preceded also by a hearing granted to the removed officer or employee, together with an opportunity to be heard in self defense against removal."

■ Was plaintiff an employee covered by the guarantees of the aforecited § 93 of the Municipal Law? We have to answer in the negative. From the record it appears that plaintiff was orally hired by the mayor to work and to be paid from the payroll; that he did not occupy any office or employment created by the Act or by the Municipal Assembly, or in the municipal budget; that he did not take any oath for any office or employment and, that he was paid from a lump sum intended for the payment of services.

These services which are paid from the payroll from lump sums, in the absence of an office or employment created by the Act, by the Municipal Assembly, specifically, or by the budget, are not permanent employments, but temporary work.

In all public or private organism, temporary jobs arise which are necessary to perform, but which do not justify the creation of a permanent position. The intent of the Municipal Law is not to give permanency to this type of job. To meet emergencies and necessities of temporary jobs, the municipalities need the flexibility of being able to contract temporary services without incurring the obligation of their becoming permanent.

In view of the foregoing, the judgment rendered by the Superior Court, Bayamón Part, on February 20, 1963, will be reversed and the complaint in this case will be dismissed.

The Chief Justice and Mr. Justice Hernández Matos did not participate herein.